IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARLYN PHILLIPS,                         )
                                         )
      Plaintiff,                         )
                                         )
v.                                       ) Case No.
                                         )
EQUIFAX INFORMATION SERVICES LLC,        )
                                         )
      Defendant.                         )

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
## NOTICE OF REMOVAL

    COMES NOW EQUIFAX INFORMATION SERVICES LLC ("Equifax"), and files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(b) and 1446(a) and in support thereof respectfully shows the Court as follows:

### Procedural Background

    1.    Marlyn Phillips is the plaintiff.  Equifax is named as the defendant.

    2.    On or about March 19, 2012, plaintiff filed a Complaint in the Court of Common Pleas of Bucks County, Pennsylvania, Civil Division ("State Court Civil Action") alleging that Equifax reported false or erroneous information on plaintiff's credit report in violation of the Fair Credit Reporting Act as well as other claims under Pennsylvania state law.  Plaintiff requests a jury trial.

    3.    Equifax was served with Plaintiff's Complaint on March 22, 2012.  This Notice of Removal is being filed within the thirty (30) day time period required by 28 U.S.C. § 1446(b).

**Grounds for Removal**

4.     The State Court Civil Action seeks damages for Equifax's alleged violations of the federal Fair Credit Reporting Act (15 U.S.C. § 1681, *et. seq*.) (*See*: Complaint attached hereto as Exhibit A).  Therefore, the State Court Civil Action is an action over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p.

5.     Removal of the State Court Civil Action is proper pursuant to 28 U.S.C. § 1441(b) because the State Court Civil Action is founded on a claim or right arising under the Constitution, treaties or laws of the United States.

**Compliance With Procedural Requirements**

6.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed with this Court within thirty (30) days after defendant Equifax received a copy of Plaintiff's pleading setting forth the claims for relief upon which Plaintiff's action is based.

7.     Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the United States District Court for the Eastern District of Pennsylvania because the county from which the State Court Civil Action is being removed lies within this district.

8.     Promptly after filing this Notice of Removal, Equifax shall give written notice of the removal to the plaintiff and will file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Bucks County, Pennsylvania as required by 28 U.S.C. § 1446(d).

9.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon defendant Equifax in the State Court Civil Action are attached hereto as Exhibit B.

10.     Trial has not commenced in the Court of Common Pleas of Bucks County, Pennsylvania.

WHEREFORE, Equifax Information Services, LLC respectfully prays that the State Court Civil Action be removed to this Court and that this Court assume full jurisdiction as if it had been originally filed here.

Dated : April 19, 2012.

Respectfully Submitted,

*Anneliese Scott*

Anneliese Scott
Christie, Pabarue, Mortensen and Young,
A Professional Corporation
1880 JFK Boulevard, 10ᵗ Floor
Philadelphia, PA  19103
ascot@cpmy.com
Attorneys for Defendant Equifax
Information Services LLC

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing NOTICE OF REMOVAL by depositing same in the United States mail, properly addressed with sufficient postage affixed thereto to ensure delivery to:

Vicki Piontek, Esq.
951 Allentown Road
Lansdale, PA 19446

This 19th Day of April, 2012.

By: _Anneliese Scott_
Attorney for Defendant Equifax Information
Services LLC

# EXHIBIT A

*Received*
*3/22*

IN THE COURT OF COMMON PLEASE OF
BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | |
|---|---|
| Marlyn Phillips | : |
| 854 Martha Lane | : |
| Warminster, PA  18974 | :   2012-00987 |
| Plaintiff | : |
| Vs. | : |
| Equifax Information Services LLC | : |
| 6 Clementon Road, East, Suite A2, | :   Jury Trial Demanded |
| Gibbsboro, New Jersey 08026 | : |
| and | : |
| John Does 1-10 | : |
| and | : |
| X,Y, Z Corporations | : |
| Defendant | : |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice to you for any money claimed in the Complaint or for any other claim or relief requested by Plaintiff(s). You may lose money or property or other rights important to you.

See Next Page ----------------------------------→→→→→→

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU

DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR

TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU

CAN GET LEGAL HELP:

Legal Aid of Southeastern Pennsylvania for Bucks County
1290 Veterans Highway, Box 809, Bristol, PA 19007
215-781-1111

Bucks County Legal Aid Society
100 Union St, Doylestown, PA 18901
(215) 340-1818

Bucks County Bar Association
135 East State Street, PO Box 300, Doylestown, PA 18901
215-348-9413

IN THE COURT OF COMMON PLEASE OF
BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

Marlyn Phillips                 :
854 Martha Lane             :
Warminster, PA  18974     :
          Plaintiff     :     **2012-00987**
Vs.                    :
Equifax Information Services LLC :
6 Clementon Road, East, Suite A2, :    Jury Trial Demanded
Gibbsboro, New Jersey 08026   :
and                     :
John Does 1-10           :
and                     :
X,Y, Z Corporations       :
            Defendant    :

## COMPLAINT

1.     This is an action brought by a consumer for violation of alleged violations of

the Fair Credit Reporting Act (FCRA), 15 USC 1681 et. Seq..

2.     Plaintiff is Marlyn Phillips, an adult individual, residing at 854 Martha Lane,

Warminster, PA  18974.

3.     Defendant is Equifax Information Services LLC, with a place of business

located at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

PROTHONOTARY BUCKS COUNTY
2012 MAR 19  D  1: 11
RECEIVED

## JURISDICTION AND VENUE

4.      Jurisdiction and venue are proper because a substantial portion of the transactions, occurrences or omissions took place in this jurisdiction.

5.      Jurisdiction and venue are proper because Defendant regularly transacts business in this jurisdiction and avails itself of the market place in this jurisdiction.

6.      Jurisdiction and venue are proper in this jurisdiction because witnesses may be located in this jurisdiction.

7.      Jurisdiction and venue are proper in this jurisdiction because the Plaintiff whose credit report was allegedly affected by Defendant(s)' alleged unlawful behavior resides in this jurisdiction.

**COUNT ONE:  VIOLATION OF THE FAIR CREDIT REPORTING ACT,**
**And the Fair and Accurate Credit Transactions Act, 15 USC 1681 et. seq.**

8.       The previous paragraphs of this complaint are incorporated by reference and

made a part hereof.

9.       At all times pertinent hereto Plaintiff was a "consumer," as defined by 15

U.S.C. § 1681a(c).

10.      At all times pertinent hereto, Defendant was a "person" and "consumer

reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and

(f).

11.      At all times pertinent hereto, the credit reports mentioned in this complaint

were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d)

12.     Plaintiff disputed the alleged account(s) in writing with Defendant(s).

13.     Defendant(s) received Plaintiff's disputes concerning the alleged account(s).
         See attached exhibits.

14.     Defendant purported to have investigated the disputed account(s), and verified
         the disputed information concerning such account(s).  See attached exhibits.

15.     Plaintiff requested that Defendant conduct a reinvestigation pursuant to 15
         USC 1681 i.  See attached exhibits.

16.     Defendant did conduct one or more reinvestigations pursuant to 15 USC 1681
         i, at which time Defendant(s) purportedly  verified such account(s) again on
         more than one occasions.  See attached exhibits.

17.     Pursuant to 15 USC 1681 i, et. seq. Defendant (s) had a duty to inform
         Plaintiff upon Plaintiff's written request as to what Defendant(s) method of
         verification was when Defendant(s) conducted such reinvestigation(s).

18.     Plaintiff sent Defendant(s) one or more written requests asking Defendant(s) what method of verification that Defendant(s) used to conduct the reinvestigation.  See attached exhibits.

19.     Defendant refused to inform Plaintiff what Defendant(s) method of verification was following Plaintiff's written request to Defendant(s) to do so. See Exhibit(s) which show Defendant's refusal.  Instead of providing the method of verification that was used to re-verify the account(s) during the reinvestigation(s) process(es), Defendant provided a boiler plate, blanket response which did not fulfill Defendant(s) duties under 15 USC 1681 i, et. seq.

20.     Defendant(s) breached its / their duty under 15 USC 1681 i, et. seq. to inform Plaintiff as to what Defendant(s) method of verification was when Defendant(s) conducted such reinvestigation(s).

## LIABILITY

21.    The previous paragraphs of this complaint are incorporated by reference and made a part hereof.

22.    At all times various employees and / or agents of Defendant were acting as agents of Defendant, and therefore Defendant is liable to for the acts committed by its agents and / or employees under the doctrine of respondeat superior.

23.    At all times various employees and / or agents of Defendant were acting jointly and in concert with Defendant, and Defendant is liable for the acts of such employees and / or agents under the theory of joint and several liability because Defendant and its agents were engaged in a common business venture and were acting jointly and in concert.

## DAMAGES

24. The preceding paragraphs are incorporated by reference and made a part hereof.

25. Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, phone calls, fax, gas, mileage, etc.

26. $1,000.00 statutory damages under 15 USC 1681 et. seq.

27. Plaintiff suffered some distress and anger as a result of his rights being violated by Plaintiff and the rights of other consumers.

28. The value of Plaintiff's emotional distress shall be proven at trial.

29. Plaintiff believes and avers that the acts committed by Defendant are willful, wanton intentional, or reckless at best. Plaintiff believes and avers that Defendant's acts are systemic. Therefore, punitive damages are warranted.

30. Plaintiff believes and avers that punitive damages should be awarded to Plaintiff in the amount of no less than $10,000.

## ATTORNEY FEES

31.     The previous paragraphs of this Complaint are incorporated by reference and made a art of this Complaint.

32.     Plaintiff believes and avers that Plaintiff is entitled to attorney fees of $1,750.50 at a rate of $350.00 per hour, described below.

    a.  Consultation with Client and drafting
dispute letters and letters of inquiry            2

    b.  Drafting, editing,  review, filing and serving
of complaint and related documents            1

    d.  Follow up correspondence with Defense            2

                                                   _____

Total = 5                            $1,750.00

33.     Plaintiff's attorney fees continue to accrue as the case moves forward.

## INJUNCITVE RELIEF

34.   Plaintiff seeks an order from this Honorable Court Directing Defendant(s) to

provide written description of the method of verification that was used by

Defendant(s) to conduct the reinvestigation on Plaintiff's account referenced

in the attached exhibits.

## OTHER RELIEF

35.   Plaintiff requests such other relief as this court may deem just and proper.


Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of

$12,751.00 (actual damages, statutory damages, attorney fees).  Plaintiff also seeks

punitive damages.  Plaintiff also seeks such other relief as this Court deems fair and

just.


_Vicki Piontek_                    _3-19-2012_
Vicki Piontek, Esquire             Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax:  866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEASE OF
BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

Marlyn Phillips                                           :
854 Martha Lane                                          :
Warminster, PA  18974                                    :
                   Plaintiff       :
Vs.                                                      :
Equifax Information Services LLC                         :
6 Clementon Road, East, Suite A2,                        :    Jury Trial Demanded
Gibbsboro, New Jersey 08026                              :
and                                                      :
John Does 1-10                                           :
and                                                      :
X,Y, Z Corporations                                      :
                 Defendant    :

## VERIFICATION

I, Marlyn Phillips, verify that the statements contained in the complaint are true and
correct to the best of my knowledge, understanding and belief.

_Marlyn Phillips_       _3-17-2012_
Marlyn Phillips           Date

# EXHIBITS

Equifax Information Services LLC
PO Box 740256
Atlanta GA 30374

January 6th, 2012


010612915-ANS
MARLYN D PHILLIPS
854 Martha Ln
Warminster PA  18974-2958

Dear Customer,

**\* In reference to your question regarding the investigation process:**

Upon receipt of your dispute, we first review and consider any relevant information you submitted regarding the nature of your dispute.  Often, Equifax will then transmit your dispute to the furnisher of the information (ie. the bank associated with a disputed credit card) for review and investigation.  Equifax electronically sends a notification of your dispute, including a summary of the relevant information submitted, to the respective furnisher.  The furnisher reviews the information provided, conducts an investigation with respect to the disputed information and reports the results back to us electronically.

In the case of a public record item such as a judgment, tax lien or bankruptcy, Equifax seeks the most recent filing associated with the disputed information.  This information is often obtained from a medium (ie. paper records or computer database) prescribed by the source of the information (ie. courthouse or other government entity).  Equifax may use a business vendor to obtain the most recent filing from the public record source.

As appropriate, Equifax then makes deletions or changes to your credit file.  The name, address and, if reasonably available, the telephone number of the furnisher(s)/source(s) of the information contacted while processing your dispute(s) is shown under the "Results of your investigation" section on the cover letter that accompanies the copy of your revised credit file.

Thank you for giving Equifax Information Services the opportunity to serve you. We appreciate your business.

ANS012915-ANS-010612915-12403 - 12759 A S

Marlyn Phillips
854 Martha Lane
Warminster, PA  18974

Equifax
P.O. box 740241
Atlanta, GA  30374

**RE:**        **Marlyn Phillips SSN 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**
              **BANK OF AMERICA**
              **Account Number 4888 9379 9047 7913**
              **Alleged High Balance $11,203**

## REQUEST FOR METHOD OF VERIFICATION

Your company has placed derogatory information about the above referenced account on my credit report.  I have disputed this account in the past.  Your company had conducted at least two separate re-investigations where the information has been verified and re-verified.  See exhibits attached.

I am requesting the method of verification for the reinvestigation. Because Transunion conducted a reinvestigation when they verified the information a second time, I am entitled to know the method of verification that was used to do so.  What method of verification was used to verify this account?

Sincerely,

_Marlyn Phillips_                    12/16/2011
Marlyn Phillips                       Date

# EQUIFAX

**CREDIT FILE : June 1, 2011**
**Confirmation # 1125006149**

001021

0009822200-1021
Marlyn D Phillips
854 Martha Ln
Warminster, PA 18974-2958

P. O. Box 105518
Atlanta, GA 30348

Dear Marlyn D Phillips:

Your request for Equifax to reinvestigate certain items of your credit file is now complete.

Below are your results and a report of your credit file revised, as applicable, as a result of the reinvestigation.  If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com.

Thank you for giving Equifax the opportunity to serve you.

## The Results Of Our Reinvestigation

### Credit Account Information
(For your security, the last 4 digits of account number(s) have been replaced by *)
(This section includes open and closed accounts reported by credit grantors)



| Account History Status Code Descriptions | | |
|---|---|---|
| 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| 4 : 120-149 Days Past Due | H : Foreclosure | |

**>>> We have researched the credit account. Account # - 488893799047* The results are:** The high credit/credit limit on this account has been updated. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact:  *Bank of America, PO Box 15026, Wilmington DE  19850-5026 Phone: (800) 421-2110*

### Bank of America    PO Box 15026 Wilmington DE 1950-5026 - (800) 421-2110

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Rev'd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 488893799047* | 10/2004 | $11,203 | $0 | | Monthly | 43 | Transfer/Sold | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/2011 | $0 | $0 | 09/2006 | $0 | $0 | 05/2006 | | 12/2006 | $0 | | $0 | | |

Status - Charge Off; Type of Account - Revolving; Type of Loan - Credit Card; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Account Transferred or Sold; Charged Off Account; Credit Card;

| Account History with Status Codes | 12/2006 | 11/2006 | 10/2006 | 09/2006 | 08/2006 | 07/2006 | 06/2006 |
|---|---|---|---|---|---|---|---|
| | 4 | 4 | 4 | 4 | 3 | 2 | 1 |

( Continued On Next Page )

1125006149APP-000982200- 1021 - 5182 - AS

# EQUIFAX

## CREDIT FILE : November 22, 2011
## Confirmation # 1318001140

000981

001072410-981
Marlyn D Phillips
854 Matha Ln
Warminster, PA  18974-2958

P. O. Box 105518
Atlanta, GA 30348

Dear Marlyn D Phillips:

Your request for Equifax to reinvestigate certain items of your credit file is now complete.

Below are your results and a report of your credit file revised, as applicable, as a result of the reinvestigation.  If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 661-5352 from 9:00am to 5:00pm  Monday-Friday in your time zone.

Thank you for giving Equifax the opportunity to serve you.

**The Results Of Our Reinvestigation**

**Credit Account Information**
(For your security, the last 4 digits of account number(s) have been replaced by *)
(This section includes open and closed accounts reported by credit grantors)

| Account History Status Code Descriptions | | | |
|---|---|---|---|
| 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| 4 : 120-149 Days Past Due | H : Foreclosure | |

**>>> We have researched the credit account. Account # - 431303899987* The results are:** The high credit/credit limit on this account has been updated. If you have additional questions about this item please contact: *Bank of America, PO Box 15026, Wilmington DE  19850-5026 Phone: (800) 421-2110*

Bank of America   PO Box 15026, Wilmington DE 19850-5026 : (800) 451-6362



| Account Number | | Date Opened | High Credit | | Credit Limit | | Terms Duration | Terms Frequency | | Months Rev'd | Activity Designator | | Creditor Classification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 431303899987* | | 10/2005 | $2,427 | | $0 | | | Monthly | | 27 | Transfer/Sold | | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/2011 | $0 | $0 | 05/2007 | $0 | $0 | 07/2007 | | 12/2007 | $0 | | $0 | | |

Status - Charge Off; Type of Account - Revolving; Type of Loan - Credit Card; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Account Closed At Consumers Request; Account Transferred or Sold; Charged Off Account; Credit Card;

| Account History with Status Codes | 09/2011 | 12/2007 | 11/2007 | 10/2007 | 09/2007 | 08/2007 | 10/2006 | 07/2006 | 04/2006 |
|---|---|---|---|---|---|---|---|---|---|
| | L | 5 | 4 | 3 | 2 | 1 | 1 | 1 | 1 |

**>>> We have researched the credit account. Account # - 601130026010* The results are:** Please be advised that account included in bankruptcy do not report any balance. If you have additional questions about this item please contact: *Discover Card, 12 READS Way, New Castle  DE  19720-1649 Phone: (800) 347-2683*

**Discover Financial Servcs LLC** · PO Box 15316 Wilmington DE 19850-5316

| Account Number | | Date Opened | High Credit | | Credit Limit | Terms Duration | Terms Frequency | | Months Revd | Activity Designator | | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 601130026010* | | 10/1997 | $0 | | $0 | | | | 99 | | | | |

| Items As of Date Reported | Balance Amount | | Amount Past Due | | Date of Last Paymnt | Actual Paymnt Amount | | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/2011 | | | $0 | | | $0 | | $0 | 04/2006 | | 10/2010 | $0 | | $0 | | | |

Status - Account Included In Bankruptcy; Type of Loan - Credit Card; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Consumer Disputes This Account Information; Bankruptcy Chapter 7; Bankruptcy Discharged; Credit Card;

---

**>>> We have researched the credit account. Account # - 488893799047* The results are:** This creditor has verified to Equifax that the high credit/credit limit is being reported correctly. If you have additional questions about this item please contact: **Bank of America, PO Box 15026, Wilmington  DE  19850-5026 Phone: (800) 421-2110**

**Bank of America** · PO Box 15026 Wilmington DE 19850-5026 · (800) 421-2110

| Account Number | | Date Opened | High Credit | | Credit Limit | Terms Duration | Terms Frequency | | Months Revd | Activity Designator | | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 488893799047* | | 10/2004 | $11,203 | | $0 | | Monthly | | 43 | Transfer/Sold | | | |

| Items As of Date Reported | Balance Amount | | Amount Past Due | | Date of Last Paymnt | Actual Paymnt Amount | | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/2011 | $0 | | $0 | | 09/2006 | $0 | | $0 | 05/2006 | | 12/2006 | $0 | | $0 | | | |

Status - Charge Off; Type of Account - Revolving; Type of Loan - Credit Card; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Account Transferred or Sold; Charged Off Account; Credit Card;

| Account History with Status Codes | 07/2011 | 12/2006 | 11/2006 | 10/2006 | 09/2006 | 08/2006 | 07/2006 | 06/2006 |
|---|---|---|---|---|---|---|---|---|
| | L | 4 | 4 | 4 | 4 | 3 | 2 | 1 |

---

**Notice to Consumers**

You may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of the furnisher of information contacted, and if reasonably available the telephone number.

If the reinvestigation does not resolve your dispute, you have the right to add a statement to your credit file disputing the accuracy or completeness of the information; the statement should be brief and may be limited to not more than one hundred words (two hundred words for Maine residents) explaining the nature of your dispute.

If the reinvestigation results in the deletion of disputed information, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company specifically designated by you that received your credit report in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.





PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**™

7011 3500 0002 3160 2661

UNITED STATES
POSTAL SERVICE
1000          08026

U.S. POSTAGE
PAID
LANSDALE,PA
19446
MAR 19, '12
AMOUNT
**$6.80**
0008S016-11

Piontek Law Office
951 Allentown Road
Lansdale, PA 19446

Equifax information Services, LLC
6 Clementon Rd East     NAME _____
                         1ST NOTICE _____
Suite A 2                2ND NOTICE _____
                         RETURNED _____
Gibbsboro, NJ 08026